MISSISSIPPI
NOTE/SECURITY AGREEMENT (7-21)

Lender and Secured Party

FIRST METROPOLITAN FINANCIAL SERVICES, INC.
320 SUNSET DRIVE
GRENADA, MS 38901

The within instrument or agreement is pledged as collateral to

*[stamp]* The within instrument or agreement is pledged as collateral to Independent Bank

| ACCOUNT NUMBER | TYPE | DATE FINANCE CHARGE BEGINS TO ACCRUE | |
|---|---|---|---|
| 4074· | | 10/17/2024 | IF OTHER THAN DATE OF LOAN |

DEBTOR'S NAME/MAILING ADDRESS

RONNIE WILLIS
4 MOORE DR
GRENADA, MS 38901

| DATE OF LOAN | FIRST DUE DATE | OTHERS SAME DAY EACH MONTH | FINAL DUE DATE | FIRST PAYMENT | REGULAR PAYMENT | PAYABLE IN | |
|---|---|---|---|---|---|---|---|
| 10/17/2024 | 11/20/2024 | | 10/20/2026 | $ 292.44 | $ 280.00 | 24 MONTHLY PAYMENTS | |

### ITEMIZATION OF AMOUNT FINANCED

| | | Check To: |
|---|---|---|
| 1. $ 3,231.34 Amount Paid to you or on your behalf * | $ 3,231.34 | RONNIE WILLIS |
| 2. $ 0.00 Amount Applied to Pay Prior Account | | |
| 3. $ 108.17 Premium to Life Ins. Co. * | | |
| 4. $ 0.00 Premium to Disability Ins Co. * | | |
| 5. $ 0.00 Premium to Property Ins. Co. * | $ | |
| 6. $ 0.00 Auto Insurance Premium (LPD) * | | |
| 7. $ 0.00 To Public Officials for Recording & Releasing Fees | | |
| 8. $ 0.00 To Public Officials for Title and Registration Fees | $ | |
| 9. $ 0.00 Non-Filing Ins. Prem. | | $ _____ Other Fees |
| 10. $ 0.00 To Appraiser for Appraisal Fee | $ | |
| 11. $ 1,145.22 Other (S.I. Auto Ins.)* | *We may be retaining a portion of those amounts. | |
| 12. $ 4,724.73 Amount Financed | (a) $ 1,738.41 Interest | $ |
| 13. $ 2,007.71 FINANCE CHARGE (a + b) | (b) $ 269.30 Closing Fee (Prepaid Finance Charge) | $ |
| 14. $ 6,732.44 Total of Payments | $ 4,724.73 Principal Amount of Loan | 240.00 * LIBERTY MOTOR CLUB |
| 15. 36.35 % ANNUAL PERCENTAGE RATE | 30.29 % Agreed Rate of Charge | |

### PROMISSORY NOTE

FOR VALUE RECEIVED, the undersigned (all, if more than one), herein referred to as "Debtor", jointly and severally promise to pay to the order of the above named Lender at its above address the Total of Payments above stated. Debtor agrees to pay Lender a Closing Fee not exceeding 4% of the Total of Payments due on this loan or $25.00, whichever is greater on loans less than $10,000.00. Debtor agrees to pay a Closing Fee of $500.00 maximum on loans greater than $10,000.00 Total of Payments. All provisions set out above are incorporated in this Note by reference as though fully set out herein.

Payment hereon shall be made in consecutive monthly installments, in the number and amounts set forth above, beginning on the first payment date and continuing thereafter on the same day of each succeeding month to and including the final payment date shown above. If no such date exists in any given month, payment will be due the last day of that month.

DEFAULT: If any installment is not paid within __14__ days after it is due, a default charge will be payable by debtor of __4.00__ % the amount in default, or $ __5.00__, whichever is greater.

In the event of default in any payment in whole or in part, or any other default, Lender may, at its option and without notice or demand, declare the entire unpaid balance, less credit for unearned charges, immediately due and payable.

If this note is placed in the hands of an attorney for collection, Debtor agrees to pay reasonable attorney's fees not to exceed 25% of the unpaid balance and court costs incurred by Lender, if allowed by applicable law.

PREPAYMENT: Prepayment may be made in full or part at any time. If this loan is prepaid in full, Debtor will receive a refund of the unearned portion of the Finance Charge calculated in accordance with the Rule of 78's based upon months prepaid determined as described hereafter. The number of months and days from 30 days prior to the first scheduled payment date to the date of prepayment plus 20 days will be the number of months and days earned. If the days earned in addition to months do not exceed 15 days, such additional days shall be disregarded.

DISHONORED CHECKS: Lender may charge and collect from Debtor a bad or dishonored check charge equal to the actual charge, not to exceed $15.00, made by the depository institution whenever any check or other instrument given by Debtor in payment on this loan is dishonored.

DEFERRAL CHARGE: Lender and Debtor agree that all or part of one (1) or more unpaid installment payments may be deferred and a deferral charge made for such deferment. The deferment charge shall not exceed an amount equal to the result of applying the Annual Percentage Rate for the deferment period, calculated without differences in the lengths of months, but proportionately for a part of a month. Counting each day as one-thirtieth (1/30) of a month. If the loan is prepaid in full during a deferment period, Debtor shall receive a refund of the unearned deferment charge. No more than 2 deferrals on which the charge described above is made, may be agreed to in any 12 month period.

### SECURITY AGREEMENT

To secure the payment of the above described loan which is evidenced by the Note above, and any future loans to Debtor(s) by Lender, Debtor(s) hereby grant(s) to Lender a security interest under the Uniform Commercial Code in the property described below which is indicated by an "X" in the box beside the description of such property, and the proceeds thereof.

☒ The following described motor vehicle(s) together with all equipment, parts and accessories.

| YEAR | MAKE | BODY TYPE | MODEL NO. | SERIAL NO. | NO. CYL. |
|---|---|---|---|---|---|
| 2004 | CHEVROLET | | SILVERADO | 1GCHC23G14F100013 | |

☒ Other property now owned by Debtor at Debtor's address unless otherwise stated.

☐ Personal property listed on Exhibit A.

☐ Other persons signing this loan note are as follows:

together with all improvements, betterments and accessories thereto, and all other equipment, parts, accessories, and attachments, now or hereafter installed in, affixed to or used in connection with said property and all other consumer goods of a similar kind hereafter acquired within 10 days of the date of this loan. Proceeds of collateral are also covered; however, such shall not be construed to mean that the Secured Party consents to any sale of such collateral.

DEBTOR(S) UNDERSTAND AND AGREE THAT ALL OF THE ADDITIONAL TERMS ON THE REVERSE SIDE HEREOF ARE A PART OF THE SECURITY AGREEMENT HEREOF AS IF FULLY SET FORTH AT THIS POINT.

Debtor(s) acknowledge receiving a fully completed copy of the above combined Itemization, Promissory Note and Security Agreement.

Debtor(s) understand and agree if no security is set out and described in the Security Agreement, then only the provisions of the Note are applicable.

ALTERNATE DISPUTE RESOLUTION:

Borrower and Lender have agreed to arbitrate certain disputes between them as described in a separate Alternative Dispute Resolution Agreement. The ADR Agreement is a material inducement to Lender to make this loan to Borrower. ____ YES ____ NO

DEBTOR(S) UNDERSTANDS AND AGREES THAT THE ALTERNATIVE DISPUTE RESOLUTION (ARBITRATION) AGREEMENT IS A PART OF THIS PROMISSORY NOTE, AS IF FULLY SET FORTH HEREIN. BY SIGNATURE BELOW, DEBTOR(S) ACKNOWLEDGES SUCH AGREEMENT TO ARBITRATE AND FURTHER ACKNOWLEDGES THE WAIVER OF JURY TRIAL PROVISION SET FORTH WITHIN.

_____ Witness

_____ (Seal)
(Agent of Lender - Secured Party)

_____ * DEBTOR (Seal)

_____ * DEBTOR (Seal)

Form # 79-001

# CERTIFICATE OF TITLE

## STATE OF MISSISSIPPI

**ORIGINAL**

| VEHICLE IDENTIFICATION NUMBER | MAKE | YEAR | MODEL | BODY | TITLE NUMBER | TITLE TEXT (E.G. UNIT #) |
|---|---|---|---|---|---|---|
| 1GCHC23G14F100013 | CHEV | 2004 | SILVERADO | PK | MS0422241024 | |

| TITLE DATE | DATE OF FIRST SALE FOR USE NEW ONLY | NO. CYL | NEW/USED | TYPE OF VEHICLE | ODOMETER - NO TENTHS |
|---|---|---|---|---|---|
| 12/06/2024 | | 8 | USED | PU | EXEMPT |

**OWNER(S)**

WILLIS, RONNIE
77 BERRY CIR
GRENADA MS 38901-8379

**BENEFICIARY**

☐ **Fully Autonomous Vehicle**

**1ST LiENHOLDER**

FIRST METROPOLITAN FIN SERV
320 SUNSET DR
GRENADA MS 38901-4434

**DATE:** 10/17/2024

**2ND LIENHOLDER**

**DATE:**

**MAIL TO:**

FIRST METROPOLITAN FIN SERV
320 SUNSET DR
GRENADA MS 38901-4434

T3



---

LIEN SATISFACTION: THE UNDERSIGNED HOLDER OF ABOVE DESCRIBED LIEN(S) ON THE MOTOR VEHICLE DESCRIBED HEREON HEREBY ACKNOWLEDGES SATISFACTION THEREOF.

1ST LIEN _____ BY _____
(LIENHOLDER)                                           (SIGNATURE AND TITLE)

THIS _____ DAY OF _____ 20 _____

2ND LIEN _____ BY _____
(LIENHOLDER)                                           (SIGNATURE AND TITLE)

THIS _____ DAY OF _____ 20 _____

IN WITNESS WHEREOF I HAVE HEREUNTO SET MY HAND THIS

THE **6TH** DAY OF **DECEMBER** 20 **24**

The Mississippi Department of Revenue hereby certifies that on application duly made, the person named herein is registered by this office as the lawful owner of the vehicle described subject to the liens or security interests as may subsequently be filed with the Mississippi Department of Revenue. This certificate of title is issued pursuant to the Mississippi Motor Vehicle Title Law Section 63-21-1. Mississippi Code of 1972. and subject to the provisions thereof.

CONTROL NUMBER

O 059447?09

**MISSISSIPPI DEPARTMENT OF REVENUE**

**VOID IF ALTERED**